THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALICE HYLAND, Respondent, *v.* JOSEPH HYLAND, Appellant.

First Department, April 17, 1919.

Husband and wife — separation — jurisdiction to determine right to custody of child — petition to judge does not give court jurisdiction to act — right of court by habeas corpus to modify judgment awarding custody of child — when academic question considered.

Jurisdiction to determine the right to the possession of a child of parties to an action for separation is in the court and not in a judge.

The Supreme Court has no jurisdiction by habeas corpus to modify a judgment in an action for separation awarding the custody of a child without qualification, especially where the situation of the parties has in no way changed since the entry of the judgment.

Although the question as to the custody of the child is now academic, the right of the court to modify the judgment by habeas corpus will be considered, since the question is important and may arise suddenly without time for review by the Appellate Division.

APPEAL by the defendant, Joseph Hyland, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 30th day of December, 1918, in a habeas corpus proceeding.

*John J. Finn* of counsel [*Finn & Nolan,* attorneys], for the appellant.

*Louis Susman,* for the respondent.

SMITH, J.:

Upon the 5th of September, 1918, a judgment was entered separating the plaintiff and defendant from bed and board, but requiring the plaintiff to pay to the defendant seven dollars a week for her lifetime. The custody of the son, Joseph Hyland, was given to the father, who was the plaintiff in that action. By this writ, the mother, who was the defendant in that action, has been given possession of this child for a part of the Christmas holidays, and this final order awards possession to her for two days from December thirty-first until January second.

The objection is first made that this was not properly before the Special Term, because the petition was made to a Supreme Court judge, and not to the court. Confessedly the jurisdiction to determine the right of the possession of a child is in the court and not in the judge. The order granting the writ of habeas corpus was made by the court, but that must rest upon some paper bringing it properly before the court for adjudication. A petition to a Supreme Court judge does not give the court jurisdiction to act. This preliminary objection was taken and was overruled.

The most important question here, however, is the right of the court by habeas corpus to modify a judgment rendered in an action, the judgment giving to the plaintiff the custody of the child without qualification. Presumably that judgment rested upon sufficient ground. There is no doubt that the situation may change after a judgment, so that a further order of the court would be necessary to promote the best interests of the child. There is no pretense here, however, that the situation has in any way changed, so that the order here made is equivalent to a modification of the judgment heretofore rendered which is unauthorized under this writ.

The question is raised that the matter is now academic, because the time has passed when the custody of the child is directed to be given to the mother. The question is important,

however, and as such questions may arise suddenly without time for review by the Appellate Division, we have deemed it wise to consider the case on the merits.

The final order should, therefore, be reversed and the writ dismissed.

Clarke, P. J., Laughlin, Dowling and Shearn, JJ., concurred.

Order reversed and writ dismissed.